# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

June 13 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Victor Castillo v. La Tinfora Grocery Corp., et al
             Docket No.: 22-cv-09640 (PAE) (SDA)

Your Honor:

     Our office represents Plaintiff in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by Plaintiff and Defendants herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached as Exhibit A.

     Plaintiff has agreed to settle his claims in this action against Defendants. Specifically, Plaintiff and Defendants, and their respective counsel, have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by Plaintiff and Defendants during the settlement process. The Agreement reflects a desire by Plaintiff and Defendants to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

     Plaintiff and Defendants have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiff respectfully requests that the Court enter an Order approving the Agreement as fair and reasonable.

I. **Background**

     Plaintiff filed a Complaint against Defendants alleging claims for overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C § 201 *et seq*. ("FLSA"), the New York Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the Hospitality Wage Order of the New York State Department of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146. Plaintiff alleges that he is entitled to unpaid

overtime compensation of approximately $107,911.00 and would be entitled to approximately $259,158.30 if he had recovered in full for his claims against Defendants, which represents calculated actual damages, liquidated damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

Plaintiff contends that he was employed by Defendants at a delicatessen, located at 2386 Webster Avenue, Bronx, New York 10458 under the name "La Tinfora Grocery Corp." Plaintiff was employed by Defendants from approximately 2010 or 2011 until on or about July 15, 2022. Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint and deny that Plaintiff is entitled to the above-claimed sums.

## II.  **Settlement Terms**

Plaintiff and Defendants have agreed to settle this action for the total sum of $50,000.00. Pursuant to the Agreement, Defendants shall pay the Settlement Amount in a lump-sum payment within thirty (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice against Defendants. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of Plaintiff and Defendants' respective positions. Defendants alleged that Plaintiff did not work the number of hours that he claimed to have worked and that Plaintiff did not earn the wages that he claimed to have earned. Accordingly, Defendants alleged that, even if Plaintiff succeeded on liability, his damages were not near what Plaintiff claimed them to be. Moreover, Defendants have limited financial resources with which to settle Plaintiff's claims or satisfy a judgment, and therefore it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full. Plaintiffs dispute defendants' allegations.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

Page 3

II.     **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $16,987 from the settlement fund for attorneys' fees. This represents one third of the recovery in this litigation.

Plaintiff's counsel's lodestar in this case is $11,552.50 and Plaintiff's costs are $481.00. A copy of Plaintiff's billing record is attached as Exhibit C. The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiff, including the effective billable rates which Plaintiff respectfully requests the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

    i.    William K. Oates, was an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. He graduated New York Law School in 1995, and am admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, he was responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court. His work is billed at the rate of $400.00 per hour.

    ii.   Catalina Sojo ("CS"), am the managing attorney of CSM Legal, PC, I graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. I received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, I focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. My work is billed at a rate of $350 per hour.

    iii.  Mary Bianco is an associate at CSM Legal, P.C. She graduated with a J.D. from Brooklyn Law School in 2021. Prior to joining CSM Legal in May 2023, she focused on immigration law, having worked as a staff attorney at Catholic Charities. Her work is billed at a rate of $325.

    iv.   Work performed by paralegals is billed at the rate of $125 per hour.

Page 4

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them.  Plaintiff thanks the Court for its time and consideration of this matter.

                                        Respectfully submitted,

                                        /s/*Catalina Sojo*  
                                        Catalina Sojo, Esq.

cc:    William H. Grae, Esq. (via ECF)  
        *Attorney for Defendants*

Attachments