UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR CASTILLO, *individually and on behalf of others similarly situated*,

                              Plaintiff,

-v-

LA TINFORA GROCERY CORP. ET AL.,

                              Defendants.

22 Civ. 9640 (PAE) (SDA)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Victor Castillo brings claims against defendants for unpaid overtime and failure to provide proper wage notices and wage statements, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law. Dkt. 1 ("Compl.") ¶¶ 59–75. On June 13, 2023, the parties submitted a proposed settlement agreement (the "Agreement"), Dkt. 38-1 ("Agreement"), and a letter in support, Dkt. 38 ("Letter"), for the Court's approval.[1]

Parties cannot privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). To approve a settlement, the Court must be satisfied that the parties' agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Id.* at 585 (citation omitted).

---

[1] The parties initially sought the Court's guidance as to their resolution of the case pursuant to an arrangement under which defendants would pay only attorneys' fees and costs to plaintiff's counsel. *See* Dkt. 13. In the process of finalizing that arrangement for the Court's review, the parties reported that they wished to settle all claims in the case and proposed the Agreement presently before the Court. *See* Dkt. 21.

The Court has carefully reviewed the Agreement and finds that the proposed settlement payment of $50,000, two-thirds of which will go to Castillo, is reasonable. *See* Agreement at 2–3. The $33,333.34 that Castillo will receive is less than a sixth of his total claimed recovery of approximately $260,000, *see* Letter at 2; Dkt. 38-2, and the Court would certainly benefit from amplification as to why a total award this far below Castillo's original demand in this lawsuit is warranted. Nonetheless, given defendants' representations that Castillo did not work the hours or for the wages he claimed and that they would be unable to pay a judgment in the amount originally sought, and given the inherent risks of litigation, the Court is prepared to find the monetary terms of the settlement reasonable. *See* Letter at 2; *cf. Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (approving payment of approximately one-fourth of claimed recovery where defendants argued plaintiff worked fewer hours than claimed and parties noted "concerns about collectability"). The Court also does not take issue with the mutual non-disparagement clause, which contains the requisite "carve-out" for truthful statements about the litigation and extends only to comments that could adversely affect the parties' respective business interests and reputations. *See* Agreement at 6 (permitting parties "to communicate truthfully regarding their experience during the Litigation"); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (noting that "not all non-disparagement clauses are *per se* objectionable," but that "if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case" (citation omitted)).

For two reasons, however, the Court declines to approve the Agreement in its present form. First, although both the Agreement and letter state that plaintiff's counsel will receive

2

one-third of the settlement award, there is a modest discrepancy between the Letter and the Agreement as to the final amount: the Letter states that plaintiff's counsel will receive $16,987, whereas the Agreement states that plaintiff's counsel will receive $16,666.66. *See* Letter at 3; Agreement at 3. Because $16,666.66 is one-third of the total settlement payment, the Court presumes that the figure provided in the Agreement is the intended amount, but absent clarity on this point, settlement cannot be approved. Moreover, the Agreement states that Castillo will receive two-thirds of the settlement award, "minus all case-related costs, expenses and disbursements." Agreement at 3. This Court's view, however, is that "attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement *net of costs*." *Hernandez v. Diner*, No. 20 Civ. 4741 (PAE) (OTW), 2022 WL 1214711, at *1 (S.D.N.Y. Apr. 25, 2022) (citation omitted). If the costs, represented by plaintiff to be $481, *see* Letter at 3; Dkt. 38-3 at 5, are deducted from Castillo's award, then plaintiff's counsel would be slated to receive more than the presumptively reasonable one-third of the settlement, net of costs. *See, e.g., Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.") (collecting cases). Accordingly, for avoidance of doubt, the Court directs that the parties revise the Agreement and supporting letter to make clear how much plaintiff's counsel will receive and ensure that, absent any extraordinary circumstances, counsel receives no more than one-third of the settlement award, net of costs.

Second, the Court is concerned about the breadth of the release in the present Agreement. Under the Agreement, Castillo agrees that, *inter alia*, he will "not institute any action against

3

Defendants in any court or other forum that have accrued from the beginning of time to and through the date of this Settlement Agreement and Release"; and he:

> together with his heirs, executors, and assigns, with respect to all conduct that has occurred on or prior to the date this Agreement is executed by Plaintiff and Defendants, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, together with each Defendant's heirs, executors, administrators, successors, counsel, assigns, principals, agents, employees, successors, representatives, corporate parents, corporate subsidiaries, joint venturers, joint ventures, partners, partnerships, and any other natural persons or corporate entities potentially liable for prior conduct of the aforesaid parties . . . from, and with respect to, any and all wage and hour and record-keeping actions, and all other claims, causes of action, suits, liabilities, charges, rights, and demands whatsoever.

*Id.* at 2, 5 (stating release "shall be construed in an expansive manner"). In this Circuit, courts "typically reject" such broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). Because the release, as written, could be construed to extend beyond the claims at issue in this case, the Court finds the clause unreasonable. *See, e.g., Hernandez v. Uzzal Pizzeria, Inc.*, No. 21 Civ. 177 (PAE) (JLC), 2022 WL 1032522, at *2 (S.D.N.Y. Apr. 6, 2022) (finding unreasonable release provision that extended beyond claims at issue); *Carranza v. VBFS, Inc.*, No. 20 Civ. 2635 (PAE) (KHP), 2022 WL 2763371, at *2 (S.D.N.Y. June 15, 2022) (same); *Bukhari v. Senior*, No. 16 Civ. 9249 (PAE) (BCM), 2018 WL 559153, at *1–2 (S.D.N.Y. Jan. 23, 2018) (noting that an "overbroad" release "highlights the potential for abuse in [FLSA] settlements" (quoting *Cheeks*, 796 F.3d at 206)).

For these reasons, the Court declines, without prejudice, to approve the Agreement. The parties are directed to submit, no later than August 15, 2023, a revised agreement addressing the Court's concerns. The Court will thereafter reconsider the agreement.

4

SO ORDERED.

                                               *Paul A. Engelmayer*
                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: August 8, 2023
        New York, New York