UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR CASTILLO, *individually and on behalf of others similarly situated*,

                                        Plaintiff,

-v-

LA TINFORA GROCERY CORP., et al.,

                                        Defendants.

22 Civ. 9640 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On June 13, 2023, the parties in this Fair Labor Standards Act ("FLSA") case submitted a proposed settlement agreement for approval by this Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See* Dkt. 38-1. On August 8, 2023, the Court, although finding that the proposed settlement payment of $50,000, two-thirds of which would go to Castillo, was reasonable, declined to approve the proposed agreement in its entirety owing to deficiencies identified with the calculation of attorneys' fees and the breadth of the settlement's release. Dkt. 40 at 2–4. The Court thus declined, without prejudice, to approve the agreement in its then-current form, and directed the parties to submit a revised agreement addressing its concerns. *Id.* at 4. On August 29, 2023, the parties submitted a revised agreement for the Court's approval. Dkts. 45, 45-1. For the reasons that follow, the Court finds that the revised agreement still fails to address the Court's concerns with respect to the award of attorneys' fees. The Court thus again declines to approve the agreement, but again does so without prejudice to the submission of a modified agreement.

The Court's August 8, 2023 order found two deficiencies with the original proposed agreement, but the parties' revised submission cures only one. Concerning the breadth of

release, the revised agreement limits the release to future liability concerning "wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation," Dkt. 45-1 at 5. With that new framing, the Court is satisfied that the new release clause no longer "extend[s] beyond the [wage and hours] claims at issue in this case." Dkt. 40 at 3. Thus, the Court finds the revised clause reasonable.

As to the fee award, the parties' revised submissions ignore the concerns expressed in the August 8, 2023 order. There, the Court found the settlement agreement ambiguous as to the exact amount earmarked for attorneys' fees, but to the extent the agreement and accompanying letter suggested plaintiff's counsel intended to take a third of the $50,000 settlement award, plus costs, the Court stated that, absent "extraordinary circumstances," attorneys' fees should be awarded based on the settlement amount *net of costs*. *Id.* at 3 (quoting *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015)). Plaintiff's counsel was thus put on notice that the revised agreement should either bring the fee award into conformity with the presumptive rule that a fee award keyed to percentage of the fund is to be measured after subtracting, from the total settlement amount, the award of costs that counsel will receive, or provide a case-specific justification for counsel's bid to receive a percentage (here, one-third) of the total settlement inclusive of costs.

The revised submissions here do neither. The aggregate recovery that plaintiff's counsel intends for itself, as contemplated by the revised submission, is $17,147.67. Dkt. 45-1 at 3. That figure "represents one third of the Settlement . . . together with reimbursement for all case-related costs, expenses and disbursements." *Id.* In other words, the $17,147.67 figure is calculated by taking a third of the total settlement amount ($50,000/3 = $16,666.66), and adding the calculated costs ($481). *See* Dkt. 45 at 3. However, as the previous order highlighted, the

2

default rule, barring justification, is that "attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement *net of costs*." *Id.* (quoting *Hernandez v. Diner*, No. 20 Civ. 4741 (PAE) (OTW), 2022 WL 1214711, at *1 (S.D.N.Y. Apr. 25, 2022) (citation omitted)). That is, barring a justification for a higher award, when attorneys' fees derive from a percentage of the settlement amount, the costs to be awarded should be first subtracted from the total settlement amount, with a percentage (here, a third) of the resulting net figure equaling the appropriate fee award.

Out of an abundance of caution, the Court will model the arithmetic that—barring a justification for a higher award—would apply based on the aggregate settlement, cost and fee-percentage numbers counsel have identified here:

- $50,000 (settlement amount)-$481 (cost award) = $49,519.
- $49,518/3 = $16,506.33 (attorneys' fee award).
- $16,506.33 (attorneys' fees) + $481 (costs) = **$16,987.33** (attorneys' fees and costs).

*See Run Guo Zhang*, 2015 WL 5122530, at *4.

In claiming an amount above this figure, plaintiff's counsel's letter is strikingly silent as to any justification. *See* Dkt. 45 at 3. Its letter does not acknowledge that it is seeking above the presumptive amount. To the limited extent the facts of this case are visible to the Court, the case appears to be a garden-variety settlement of a garden-variety single-plaintiff wage-and-hour case.

The Court again invites the parties to submit a compliant settlement agreement and supporting letter. As revised, the agreement should ensure that, absent justification, plaintiff's counsel receives no more than one-third of the settlement award, *net of costs*. The arithmetic above captures the maximum recovery the Court will approve without further justification.

For the foregoing reasons, the Court declines, without prejudice, to approve the proposed settlement agreement. The parties are directed to submit, no later than October 10, 2023, a revised agreement addressing the sole unresolved issue and accompanying explanatory letter. The Court is hopeful that, thereafter, no further revisions will be necessary.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 3, 2023
New York, New York