UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR CASTILLO,

                                    Plaintiff,

-v-

LA TINFORA GROCERY CORP., ET AL.,

                                  Defendants.

22 Civ. 9640 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On June 13, 2023, the parties in the Fair Labor Standards Act ("FLSA") case submitted a proposed settlement agreement for approval by this Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See* Dkt. 38-1. On August 8, 2023, this Court found the proposed settlement payment of $50,000 to be reasonable but declined to approve the settlement agreement in its entirety after identifying deficiencies with the calculation of attorneys' fees and the breadth of the settlement's release. Dkt. 40 at 2–4. Thereafter, on August 29, 2023, the parties submitted a revised agreement for the Court's approval. Dkt. 45-1. Although upon review the Court found that the revised agreement cured the identified deficiencies with respect to the breadth of release, Dkt. 46 at 1–2, the Court once again declined to approve the agreement in its entirety, as the agreement still contemplated an attorney's fee award for plaintiff's counsel that deviated from the presumptive rule that a fee awarded as a percentage of the settlement amount should be net of costs, and the parties provided no justification for such a deviation, *id.* at 2–4. The Court thus declined, without prejudice, to approve the revised settlement agreement, while making clear that it would approve an

agreement that conformed to the presumptive rule and awarded an attorney's fee net of costs—in this case amounting to $16,987.33. *Id.* at 3–4.

On October 18, 2023, the parties once again submitted a revised settlement agreement, which is now pending. Dkt. 50-1. The revised agreement is identical in all respects to that previously submitted, save for a new calculation of attorney's fees for plaintiff's counsel as 33 percent of the settlement amount of $50,000, *net of costs*, or $16,987.33. *See* Dkt. 50 at 3; Dkt. 50-1 at 3. Thus, because the revised agreement satisfactorily addresses the previous submission's sole remaining deficiency, the Court is satisfied that the settlement agreement is reasonable and will approve it in its entirety. *Cheeks*, 796 F.3d at 206.

Accordingly, pursuant to the now-approved, executed settlement agreement, it is ORDERED that the above-captioned case is hereby dismissed with prejudice. The Clerk of Court is respectfully directed to terminate any outstanding deadlines and close this case. Further, as contemplated in the settlement agreement, the Court will maintain jurisdiction over this action for a period of 90 days following the issuance of this order for the purpose of enforcing the terms of the settlement agreement. The parties are directed to file, by January 17, 2024, an update as to the status of the settlement agreement and the schedule of the payment.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 19, 2023
       New York, New York

2